IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RICHARD SEYMOUR**                                                  **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO.: 2:09CV189KS-MTP**

**SCORPION PAYROLL, Ltd.;**
**SCORPION COURAGEOUS Ltd.; and**
**FICTITIOUS DEFENDANTS A THROUGH F**                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#12]** filed on behalf of the defendants. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

Richard Seymour, the plaintiff, claims to have been injured in July, 2008, while working as a seaman on the drilling rig OFFSHORE COURAGEOUS. He asserts a seaman's negligence claim under the Jones Act and a general maritime law claim for alleged vessel unseaworthiness. Although the wrong Scorpion parties were named in the initial lawsuit, this court has entered an Order substituting the proper defendants in this case: Scorpion Payroll, Ltd, his employer; and Scorpion Courageous Ltd - the

owner of the subject vessel.

The defendants contend that neither of the Scorpion Companies involved in this case is incorporated or authorized to do business in Mississippi and neither has an office within the state; that both defendants, Scorpion Payroll, Ltd. and Scorpion Courageous, Ltd., are Bermuda companies which have their principal places of business in Houston, Texas; that neither of the Scorpion Companies have ever owned or leased any real property in Mississippi or ever constructed or produced anything in the State or maintained any kind of office or facility there.

They also assert that neither has ever had employees whose employment was based in Mississippi; neither has ever solicited business from or contracted with a Mississippi company or otherwise conducted business here; and neither has ever registered to do business in the State. Further, they argue that neither of the Scorpion Companies has ever maintained a bank account or a telephone listing in Mississippi or directed any advertising to the State or solicited employees from the State through any kind of direct advertising aimed exclusively at the State.

The defendants admit that while Scorpion Payroll, Ltd. employed the plaintiff and other Mississippi residents to work on Scorpion rigs, they assert that neither it nor any other Scorpion entity directly solicited employees in the State. Rather, they maintain that Scorpion, Ltd. utilized the services of a generic web site, Rigzone.com, to handle all of its employment needs. The defendants contend that Rigzone is not exclusive to Scorpion but rather provides hiring related services to a variety of offshore service companies. Scorpion lists job openings on its web site and then directs anyone who may be interested to contact Rigzone and fill out an application. This service is

allegedly not directed to Mississippi in any way, but is generally available to anyone with access to the internet.

Thus, the defendants assert that neither of the Scorpion Companies has any meaningful contact whatsoever with Mississippi, and therefore, there is no basis for the exercise of personal jurisdiction over them. The defendants acknowledge under the Jones Act, venue is proper in any jurisdiction which has personal jurisdiction over the defendant. However, since personal jurisdiction is allegedly lacking in this instance, and since allegedly there is otherwise no basis for proper venue, they argue the case should also be dismissed on that basis.

The plaintiff responds that the discovery in this case establishes the defendants have had continuous substantial contact with the State of Mississippi and that it is proper for this court to exercise personal jurisdiction over these defendants. The parties have been allowed to conduct limited jurisdictional discovery and the matter is now ripe for decision.

## ANALYSIS

The defendants first attack this court's *in personam* jurisdiction. "The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant." *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), *cert. denied* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983). When the court does not rely on an evidentiary hearing, but instead decides the motion on the basis of pleadings and exhibits on file, the party urging jurisdiction is only required to present a *prima facie* case of personal jurisdiction. "The allegations of the

complaint except insofar as controverted by opposing affidavits must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a *prima facie* case for personal jurisdiction has been established. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)(quoting *DeMelo v. Toche Marine Inc.*, 711 F.2d 1260, 1270-71, (5th Cir. 1983)). "Moreover all conflicts in the facts alleged in the opposing affidavits 'must be resolved in plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established.'" *DeMelo*, 711 F.2d at 1270 (quoting *Brown v. Flowers Industries, Inc.*, 688 F.2d at 333, quoting *United States Ry. Equipment Company v. Port Huron and Detroit R.R.*, 495 F.2d 1127, 1128 (7th Cir. 1974)).

This case asserts jurisdiction on the basis of diversity, 28 U.S.C. § 1332. "In a diversity action, a federal court enjoys jurisdiction over a nonresident defendant to the extent permitted by the long-arm statute of the forum state." *Brown v. Flowers Industries*, 688 F.2d at 331. The Fifth Circuit has held that "the concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process." *DeMelo*, 711 F.2d at 1264 (other citations omitted). "Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Id.*

A nonresident defendant is subject to the personal jurisdiction of a federal court sitting in diversity to the same extent a state court sitting in the state where the federal court sits would have. *Brown v. Flowers Industries Inc.*, 688 F.2d at 331. Thus, for diversity purposes, a state standard of amenability to jurisdiction is applied based on a

finding as to whether or not the state court would have had jurisdiction. To determine jurisdiction under the state standard, the court must find that the state's long-arm statute, as interpreted by the courts of that state, applies. *DeMelo*, 711 F.2d at 1265. The court must then determine that the application of the state long-arm statute in the particular case facing the court comports with the due process requirements of the 14th Amendment. *Brown v. Flowers Industries Inc.*, 688 F.2d at 331-32.

As stated, there are two components to personal jurisdiction. The service of process requirement and the amenability to jurisdiction. The defendants have not challenged the actual physical service of process but instead by their motion challenge the amenability to the jurisdiction of this court pursuant to the service of process under the Mississippi long-arm statute. The Mississippi long-arm statute reads, in pertinent part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57 (Supp. 2009).

Section 13-3-57 is applicable to three types of nonresident defendants. Those are, by the terms of the statute, (1) nonresidents who make a contract with a resident of the state to be performed in whole or in part within the state; (2) any nonresident who commits a tort in whole or in part in the state against a resident or a nonresident; (3)

and nonresidents who are "doing business" within the state. *See also, Smith v. Temco, Inc.*, 252 So.2d 212 (Miss. 1971).

There is no assertion that the tort prong applies. Instead, the plaintiff contends, generally, that the contract and doing business prongs apply. The plaintiff does not address the specific requirements of the long-arm statute, per se, but instead recites a litany of contacts that the defendants have allegedly made in Mississippi in a shotgun approach to convince the court to assume jurisdiction over this case.

Specifically, the plaintiff contends that the defendants' responses to discovery reveal that they utilize Rigzone.com as an online recruiting company to fill positions available for Scorpion. Rigzone solicits potential employees online and, utilizing this process, the defendants have had 56 employees from Mississippi since 2006. The plaintiff also asserts that the defendants directly deposited all Mississippi employees' pay into their respective bank accounts in Mississippi financial institutions; that all employee bonuses were paid directly to its employees' Mississippi bank accounts; and the defendants, apparently, pay for immunizations which are done in Mississippi.

The plaintiff also argues that the defendants make medical payments on behalf of Mississippi resident employees, including him, to medical providers in Mississippi; the defendants provide Mississippi employees $200 per month travel expense to and from Mississippi; the plaintiff and other Mississippi employees flew out of and back into Gulfport-Biloxi International Airport to and from their overseas assignments with tickets e-mailed to them in Mississippi; and that all air travel tickets were paid for by the defendants.

**Contract or Doing Business?**

Under the contract prong of the Mississippi long-arm statute, a nonresident defendant must make a contract with a resident of Mississippi to be performed in whole or part within the state in order to be subject to jurisdiction. Under the doing business prong

> The Supreme Court of Mississippi holds that in order to assert jurisdiction under this aspect of the long arm statute: (1) the nonresident defendant must purposefully do some act or consummate some transaction within the state; (2) the cause of action must arise from or be connected with such act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice.

*Cycles Limited v. W. J. Digby, Inc.*, 889 F.2d 612, 620 (5th Cir. 1989). The doing business prong of the Mississippi long-arm statute bears a certain resemblance to the minimum contacts requirement under the due process analysis, as will be discussed hereinafter. Thus, there is a substantial overlap in the discussion involving the two.

To meet the contract prong, and apparently the doing business prong and the due process requirements, the plaintiff contends that the defendants have "contracted in the State of Mississippi by and through its numerous employees, Mississippi medical providers, Mississippi banking institutions, and by contracting to fly its Mississippi employees to and from the Gulfport-Biloxi, Mississippi International Airport." The plaintiff then asserts, "It cannot be questioned that the Defendants have conducted business in the State of Mississippi. This business has been substantial and ongoing. As such, the requirements of Miss. Code Annotated § 13-3-57 have been met and the exercise of personal jurisdiction over these Defendants is proper." The plaintiff then boldly states that because of these contacts, "constitutional due process requirements have been met."

The assertions of the plaintiff appear to a be a mixing of the contract prong and the doing business prong of the long-arm statute and the separate due process analysis. The plaintiff is less than pellucid in his argument. However, the court will analyze the contacts alleged under the traditional analysis applied repeatedly by Mississippi courts and federal courts applying Mississippi law.

The record reveals that the plaintiff's employment contract was entered into in Texas, and the defendants argue there was never any contemplation that it would be performed in whole or in part in Mississippi, and that it in fact was not. The plaintiff actually drove to Houston, Texas to complete the hiring process. Further, it is undisputed that the work itself was performed overseas.

The defendants argue that the plaintiff's flights to and from Gulfport, Mississippi are also irrelevant. The court agrees. *See Peterson v. Test Intern., E.C.*, 904 F. Supp. 574, 577 (S.D. Miss. 1995) (holding that plaintiff-employee's flight from Mississippi to Algeria, for an employment contract to be performed in Algeria, did not constitute performance of a contract for personal jurisdiction purposes). In *Roxco, Ltd. v. Harris Specialty Chemicals, Inc.* this court held that the defendants' sporadic contacts with Mississippi regarding a work project did not constitute doing business in Mississippi. 133 F. Supp. 2d 911, 916-917 (S.D. Miss. 2000). This court also held that two letters mailed to plaintiff-employee's Mississippi office and telephone contacts to the same did not constitute the type of consistent business contacts contemplated as "doing business" in the state to warrant personal jurisdiction. *Id.*

The opinion of this court in *Peterson v. Test Intern., E.C.*, *supra* is closely on point. There, the plaintiff-employee was a resident of Mississippi working overseas for

the defendant-employer and the plaintiff-employee attempted to assert personal jurisdiction over the defendant-employer in Mississippi. The plaintiff-employee asserted the following facts in support: (1) the defendant- employer solicited plaintiff-employee for employment in Mississippi; (2) the defendant- employer advertised for employees in Mississippi via newspapers which circulated in Mississippi; (3) the defendant-employer employed a number of Mississippi residents; (4) the defendant-employer mailed the contract for employment to the plaintiff-employee's Mississippi residence; (5) the cause of action was connected to plaintiff-employee's transactions with the defendant-employer; and (6) the plaintiff-employee flew to and from Mississippi for his overseas job site. 904 F.Supp. at 578.

This court found that personal jurisdiction did not exist and held that the mere fact the defendant-employer hired Mississippi residents, without more, did not support a finding that the defendant-employer was doing business in Mississippi. *Id.* at 579. Consistent with that finding, the court concludes in this case that the Scorpion defendants are not subject to personal jurisdiction under Mississippi's restrictive long-arm statute under either the contract prong or the doing business prong thereof. The court will further develop its reasoning on these issues in the due process analysis which follows, as there is much overlap in the concepts of jurisdiction as previously stated.

### **Due Process**

If service of process under the Mississippi long-arm statute was appropriate, the court would then consider whether the exercise of jurisdiction by this court comports with the due process clause of the 14th Amendment and the traditional notions of

substantial justice and fair play. *See, Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir. 1985). Even though the court has reached the conclusion that such service was inappropriate, it will, nevertheless, undertake the due process analysis as the doctrines are so intertwined and a full discussion of them is generally merited.

In regard to due process,

> [t]he exercise of personal jurisdiction over a nonresident will not violate due process principles if two requirements are met. First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that forum state. *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945), *Bullion*, 895 F.2d at 216. And second, the exercise of jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice." *Asahi Metal Industries Company v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987), (citing *International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158).

*Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

The Fifth Circuit has also determined that the minimum contacts inquiry is further subdivided into those contacts which give rise to specific personal jurisdiction and those which give rise to general personal jurisdiction.

> Specific jurisdiction is appropriate when the nonresident defendant's contact with the forum state arise from, or are directly related to, the cause of action. (citations omitted). General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contact with the forum state are both continuous and systematic. (citations omitted).
>
> . . .
>
> If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the "fairness" prong of the jurisdictional inquiry is satisfied. (citations omitted). The Supreme Court has stated that the "fairness" of requiring a nonresident to defend a suit in a distant forum is a function of several factors, including "the interest of the forum state."

*Wilson v. Belin*, 644 F.2d at 647.

The factors which have been enunciated by the Court to be considered in the fairness inquiry are:

> [T]he burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Id.* at fn. 3.

The defendants allege that they have had insufficient contacts with Mississippi to support the exercise of general jurisdiction. A court may exercise general jurisdiction over a non-resident defendant only when the defendant's contacts with the forum are "continuous and systematic." *American Cable Corp v. Trilogy Communications, Inc.*, 754 So. 2d 545, 549-50 (Miss. Ct. App. 2000). The federal "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Central, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001). Indeed, "[p]erhaps because of the higher contacts required, the [United States] Supreme Court has upheld general jurisdiction only once, and lower courts have evinced a reluctance to assert general jurisdiction over individual defendants or foreign corporations even when the contacts with the forum state are quite extensive." Moore's Federal Practice ¶ 108.41[3] (3rd Ed. 1999); *see also Submersible*, 249 F.3d at 419 (citing Moore); *Reynolds & Reynolds Holdings Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545 (E. D. Vir. 2004) ("Since its decision in *International Shoe*, the Supreme Court has decided only one case in which it found that the assertion of general jurisdiction over a non-resident corporation would not violate constitutional due process

requirements.").

The plaintiff has not shown that either of the defendant Scorpion Companies have sufficient contacts with the state of Mississippi to satisfy the requirements of general jurisdiction. The only allegation of the Complaint that relates to Mississippi is that the plaintiff is a resident of the State. This is not sufficient to establish general personal jurisdiction over the defendants or any of the Scorpion Companies. As stated above, in *Peterson v. Test International, E.C.*, while analyzing personal jurisdiction under the more restrictive Mississippi long-arm statute, this court held that the fact a non-resident employer hired Mississippi residents would not constitute sufficient contacts on which to base personal jurisdiction. 904 F. Supp. at 579

Similarly, in *Frisella v. Transoceanic Cable Ship Company*, 181 F. Supp. 2d 644 (E.D. La. 2002), the court cited the unpublished cases of *Ricord v. Energy Transp. Co.*, 1993 WL 459937 (E.D. La. 1993) and *Carter v. Ocean Ships, Inc.*, 1990 WL 128207 (E.D. La. 1990) for the proposition that a non-resident defendant whose only significant contact with Louisiana was the fortuitous hiring of employees from Louisiana was not subject to personal jurisdiction in Louisiana. The court finds that there is no basis for general jurisdiction in this matter as defendants' minimal contacts fall well short of being continuous and systematic.

The defendants next argue that the contacts with Mississippi of the Scorpion Companies do not satisfy the requirements of specific jurisdiction. Specific jurisdiction exists when a foreign defendant "has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Religious Tech. Ctr. v. Dell Liebreich*, 339 F.3d 369 (5th Cir. 2003).

The plaintiffs have failed to show that the Scorpion Companies have purposefully directed sufficient activities toward Mississippi. More specifically, they have not directed any activities that relate to the subject matter of this lawsuit at Mississippi or Mississippi residents, and thus, exercising jurisdiction over the defendants is improper. *See, e.g., Paul v. Int'l Precious Metals Corp.*, 613 F. Supp. 174, 176 (S.D. Miss. 1985).

The plaintiff not does offer any evidentiary support for his argument that the defendants purposefully directed any actions toward the State of Mississippi. The Declaration of Travis G. Fitts, Jr. (Vice President and Secretary of Scorpion Offshore, Inc.) demonstrates that the Scorpion Companies do not have any offices in Mississippi (¶ 3), do not own any property in Mississippi (¶ 4), do not solicit or conduct business in Mississippi (¶ 14), nor do they advertise in Mississippi (¶ 16). In sum, none of their acts are directed toward or focused on Mississippi or its residents. Accordingly, this court cannot exercise specific personal jurisdiction over the Scorpion Companies without a showing that they committed an act that itself was purposefully directed at Mississippi. *See, e.g., Religious Tech. Ctr.*, *supra*.

The defendants argue that all of the factors asserted by plaintiff are based on plaintiff's fortuitous residence in Mississippi and the defendants' fortuitous hiring of Mississippi employees. The plaintiff asserts that the defendants have had 56 employees from Mississippi since 2006 and that the defendants use direct deposit to Mississippi banks to make payments to these employees. Defendants assert that this is simply a function of where the employees live and where they choose to do their banking.

Once again, in *Peterson*, this court held that the fact that a non-resident

employer hired Mississippi residents does not constitute a sufficient contact on which to base personal jurisdiction. *Peterson*, 904 F. Supp. at 579; *Rittenhouse v. Mabry*, 832 F.2d 1380, 1383-84 (5th Cir. 1987) (holding that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction). These contacts do not constitute "doing business" in Mississippi. In other words, the defendants did not "purposefully avail" themselves of the benefits and protection of doing business merely by hiring (in Texas) various employees who happen to reside in Mississippi.

As for the direct deposit payment factor, the defendants argue they could have just as easily handed the pay checks to the employees, but instead provided this method of payment as a convenience to them. The plaintiffs have provided no case showing direct depositing an employee's pay into a bank in his resident state subjects a non-resident employer to that state's jurisdiction under a long-arm statute.

Likewise, the plaintiff points out that the defendants paid for medical treatment and maintenance and cure in Mississippi; mailed tax forms to plaintiff in Mississippi and withheld Mississippi taxes. Once again, the court finds that this does not constitute doing business in the State which would subject the defendants to jurisdiction under the long-arm statute of the State of Mississippi.

Finally, plaintiff asserts that the defendants actively recruited plaintiff in Mississippi, that the defendants knew that employees would be recruited from Mississippi and that Rigzone was an agent of defendants. These assertions appear to be incorrect, and therefore lend no support to plaintiff. The record reveals that the defendants list their job openings on their own website, with their location being

Houston, Texas. If someone is interested in a particular job, then they are directed to contact Rigzone.com.

Both the defendants' website and Rigzone's website are generally available to anyone in the world through the internet. This hiring method is not directed to Mississippi in any way. The evidence indicates that the defendants do not advertise or recruit in Mississippi via telephone, physical visits, newspapers, television, or radio. Thus, the defendants did not actively recruit plaintiff or any employees in Mississippi. The employees generally seek out employment through the defendants and Rigzone, both of which are located in Texas. As to the plaintiff, he traveled to Houston, Texas to complete the hiring process, including an interview, medical evaluation, new hire orientation and benefits enrollment.

Further, the plaintiff has made no attempt to show Rigzone is the agent of the defendants, beyond arguing it in his brief. The record shows that Rigzone is an independent third party service provider used by the defendants and many others in the oil and gas industry to recruit employees. It has no authority or discretion to hire or fire employees or otherwise to act for or on behalf of the defendants.

To the extent plaintiff relies on Rigzone's website to support an argument for either general or specific jurisdiction, the argument is misplaced. The Fifth Circuit has directly addressed this issue in *Mink v. AAAA Development, LLC*, 190 F.3d 333 (5th Cir. 1999). The *Mink* court relied upon the seminal case of *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) in setting forth a standard for courts to follow in determining whether there is personal jurisdiction where use of the internet is involved. Specifically, in *Mink*, the Fifth Circuit held:

> The *Zippo* decision categorized Internet use into a spectrum of three areas. At the one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which 'involve the knowing and repeated transmission of computer files over the Internet.' In this situation, personal jurisdiction is proper. At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, (the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website.)

190 F.3d at 336 (citations to Zippo omitted). Mississippi courts follow suit. *See, e.g., Lofton v. Turbine Design, Inc.*, 100 F. Supp. 2d 404 (N.D. Miss. 2000). This argument does not support the plaintiff's allegations of jurisdiction.

Finally, the defendants argue that exercising personal jurisdiction over the Scorpion Companies would offend traditional notions of fair play and substantial justice. Even if the court had found that the other requirements of specific personal jurisdiction have been met, the defendants argue that to exercise that jurisdiction in this instance would offend "traditional notions of fair play and substantial justice."

As stated above, the fairness of requiring a non-resident defendant to defend a suit in a distant forum is evaluated on the basis of several factors, including 1) the defendant's burden; 2) the forum state's interest; 3) the plaintiff's interest in convenient and effective relief; 4) the judicial system's interest in efficient resolution of controversies; and 5) the state's shared interest in furthering fundamental social policies. *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 113 (1987); *Irving v. Owens-Corning FiberglasCorp.*, 864 F.2d 383, 387

(5th Cir. 1989).

Mississippi jurisprudence manifests an acute sensitivity to fairness concerns when a plaintiff attempts to hale a party into court who has never availed himself of the benefits of doing business in Mississippi. In *Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873 (Miss. 1995), the Mississippi Supreme Court held:

> Chevy has never advertised in the state of Mississippi nor has it carried on any activity within this state. Mississippi is a convenient forum for Gross, but not so for Chevy. Further, Chevy has not availed itself of the benefits or protections of Mississippi's laws. As a matter of law, assertion of jurisdiction . . . would be improper.

665 So.2d at 875.

In this case, the burden on the defendant Scorpion Companies of litigating in Mississippi is alleged to be significant. Indeed, the record reveals that they have no offices, staff, property or base of operations here. They have never locally advertised or solicited business in Mississippi and, therefore, "had no way of knowing that [they] would be required to defend a lawsuit . . . in Mississippi." *Willow Creek Exploration LTD. v. Tadlock Pipe & Equipment, Inc.*,186 F. Supp. 2d 675, 686 (S.D. Miss. 2002).

Moreover, like the defendant in *Gross v. Chevrolet Country, Inc.*, the defendants have never purposefully directed activities to Mississippi such that they have availed themselves of the benefits and protections of this State's laws. Mississippi has no interest in a non-resident who did not reach out to a Mississippi resident. This court thus has less interest in this dispute than would a Texas court which would have jurisdiction over the defendants. Forcing the defendants to defend themselves in Mississippi courts is fundamentally unfair and directly contrary to the holding of the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310

(1945), and its progeny.

Therefore, the court concludes that due to the plaintiff's inability to meet the requirements of the long-arm statute and the total absence of meaningful contacts between defendants and the State of Mississippi, the defendants request to the court to dismiss the plaintiff's complaint, without prejudice to the plaintiff's right to file suit in Texas or some other jurisdiction in which both jurisdiction and venue are properly established, is well taken.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#12]** filed on behalf of the defendants for lack of jurisdiction is granted and the plaintiff's Complaint is dismissed without prejudice and that any other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 13th day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE